COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-196-CV

 

 

STEPHEN E. BETTS                                                              APPELLANT

 

                                                   V.

 

JOHN GILBERT, AS
DIRECTOR                                               APPELLEES

OF
THE INSTITUTIONAL DIVISION

OF
THE TEXAS DEPARTMENT OF

CORRECTIONS
AND JOSEPH

DOMINGUES,
AS WARDEN OF

THE
DALHART UNIT OF THE

INSTITUTIONAL
DIVISION OF

TEXAS
DEPARTMENT OF

CORRECTIONS

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Stephen E. Betts
appeals the trial court=s granting
of summary judgment in favor of Appellees John Gilbert and Joseph Domingues. In
two issues, Appellant contends that Appellees were not entitled to summary
judgment as a matter of law and the trial court erred in granting summary
judgment in Appellees= favor.  We affirm.

BACKGROUND

Appellant is an inmate
assigned to the Alfred Hughes Unit of the Texas Department of Criminal Justice
(TDCJ).  During the relevant time period,
Appellant was incarcerated in the Dalhart Unit of the TDCJ, Gilbert was
regional director of the Institutional Division of the TDCJ, and Domingues was
the senior warden at the Dalhart Unit. 
Appellant filed suit, alleging deliberate indifference to his medical
needs pursuant to 42 U.S.C. ' 1983 and seeking damages and injunctive relief.  Appellant claimed that Appellees failed to
treat his medical needs properly, failed to follow the treatment prescribed by
the TDCJ medical staff, and failed to facilitate the ultimate treatment of his
injuries, all in violation of his Eighth Amendment rights. 








Appellant alleged that he was
injured during the first week of August, 2000, when lifting a container of ice,
as required by his assignment in the prison cafeteria.  Appellant alleged that by Wednesday, two days
following the incident, he was in severe pain, and he submitted a request to
see the doctor. The next day, Appellant was sent to the infirmary by the kitchen
sergeant, but the infirmary nurse instructed Appellant to remain in his cell
until he was called out.  The medical
records reflect that on August 10, 2000, Appellant was called out and the
infirmary nurse ordered a three-day cell pass, instructing Appellant to use hot
packs and to take Tylenol for pain.  The
medical records also state that Appellant=s scheduled nurse appointment was cancelled due to a prison lock-down.


Appellant alleged that when
the prison went on lock-down status, he was ordered to carry more than sixty
pounds of personal items over a distance of one hundred yards.  He stated that he was in severe pain and the
only medication he received was Tylenol. 








On August 22, 2000, Dr. John
Montgomery saw Appellant, and he diagnosed Appellant with an Aacute herniation of disc or discs L4, L5, and L5S.@  Dr. Montgomery requested an
orthopedic consultation as soon as possible and prescribed ibuprofen.  Appellant was transferred to another unit for
x-rays the same day.  An MRI was
completed on August 24, 2000, and a neurosurgery consultation was approved on
September 1, 2000.  Doctors prescribed
several medications for Appellant, restricted him to lifting a maximum of ten
pounds, and provided him with an egg carton mattress. Appellant was also
assigned to a lower bunk and a new cell on the first floor.   On September 15, 2000, Appellant returned to
the Dalhart Unit without his medication or x-ray films.  Medical personnel reordered the medications
for Appellant.  The neurosurgery
consultation was delayed by the missing x-rays. A neurosurgeon examined
Appellant on April 9, 2001 and recommended scheduling a CT myelogram and a
likely lumber fusion in Appellant=s back.  On May 1, 2001,
physicians performed a lumbar myelogram on Appellant.  Appellant=s physician then ordered medication for Appellant in anticipation of
surgery.  Physicians approved Appellant=s neurosurgery on June 7, 2001.

Appellees filed a motion for
summary judgment, alleging that Appellant failed to state a claim under 42 U.S.C.
' 1983 because they were not personally involved in his medical care
and were not deliberately indifferent to his medical needs, Appellees could not
be held liable for damages in their official capacities, Appellees were
entitled to qualified immunity, and Appellant was not entitled to injunctive
relief.  In response, Appellant claimed
that Appellees knew or should have known of his condition and failed to
facilitate the ultimate treatment of his injuries in violation of his Eighth
Amendment rights.  The trial court
granted summary judgment in favor of Appellees, and Appellant now appeals.

 

 








DISCUSSION

In his first issue, Appellant
contends that, as a matter of law, Appellees were not entitled to summary
judgment.  In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).








The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at
678.  A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004).  Once the defendant
produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the plaintiff to come forward with competent controverting
evidence raising a genuine issue of material fact with regard to the element
challenged by the defendant.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

When a trial court=s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Harwell, 896 S.W.2d
170, 173 (Tex. 1995).








To sustain an action under
section 1983, Appellant must show that: (1) the conduct complained of was
committed by a person acting under color of state law; and (2) this conduct
deprived him of rights, privileges, or immunities secured by the Constitution
or laws of the United States.  Parratt
v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled in
part on other grounds, Daniels v. Williams, 474 U.S. 327, 331‑32,
106 S. Ct. 662, 665 (1986).  A supervisor
cannot be held liable under section 1983 on the basis of respondeat
superior.  Monell v. Dept. of Social
Servs., 436 U.S. 658, 694 n.58, 98 S. Ct. 2018, 2037 n.58 (1978).  Rather, the misconduct of the subordinate
must be affirmatively linked to the action or inaction of the supervisor.  Southard v. Tex. Bd. of Criminal Justice,
114 F.3d 539, 550 (5th Cir. 1997).  In
order to be entitled to a permanent injunction, the requesting party must plead
and prove the following:  (1) a wrongful
act; (2) imminent harm; (3) irreparable injury; and (4) no adequate remedy at
law. Jordan v. Landry's Seafood Rest., Inc., 89 S.W.3d 737, 742 (Tex.
App.CHouston [1st Dist.] 2002, pet. denied) (op. on reh=g). 








Appellant did not allege, and
no evidence supports the conclusion, that Appellees were personally involved in
his medical treatment or linked to the action or inaction of the subordinates
in allegedly denying Appellant=s access to health care, timely transporting him to medical
appointments, and allegedly requiring Appellant to carry sixty pounds of
property while Aknowing of
his pain but failing to administer any care or assistance@; he merely contends that Appellees were the ultimate authority in the
prison.  Therefore, we hold that the
evidence does not raise a fact issue as to whether Appellees subjectively knew
of the deliberate indifference to Appellant=s medical needs allegedly committed by the physicians who treated
Appellant.  Because Appellees
conclusively negated at least one essential element of Appellant=s section 1983 action, the trial court properly granted summary
judgment on that claim.  Accordingly, we
overrule Appellant=s first
issue.

In his second issue,
Appellant argues that the trial court erred in granting summary judgment in
favor of Appellees and was procedurally barred under a recusal order.  However, Appellant=s briefing fails to mention this issue, and Appellant fails to cite
any relevant authority to support this claim; therefore, we find this issue to
be inadequately briefed.  Tex. R. App. P. 38.1(h); Tong v.
State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 1053 (2001) (issue overruled as inadequately briefed for appeal because
Appellant presented no authorities to support his position).  Thus, we overrule Appellant=s second issue.

CONCLUSION

Having overruled Appellant=s two issues, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL
F:  HOLMAN, LIVINGSTON, and DAUPHINOT,
JJ.

 

DELIVERED:  December 22, 2005











[1]See Tex. R. App. P. 47.4.